FILED
U.S. DISTRICT COURT
GEORGIA

06 JUN 16 AM 11: 18

*B. Littleton*
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MARCUS RAY JOHNSON,

    Petitioner,

vs.

    1:06-CV-84 (WLS)

WILLIAM TERRY, Warden,

    Respondent.

## ORDER

Petitioner has filed a Motion for Appointment of Counsel Under the Anti-Drug Abuse Act of 1988, 21 U.S.C. § 848 (q) (4) (B) (Tab #3). However, it appears that 21 U.S.C. § 848 (q) was repealed by the Terrorist Death Penalty Enhancement Act of 2005, Pub. L. No. 109-177 (codified at 18 U.S.C. § 3599). Therefore, appointment of counsel will be pursuant to the provisions in 18 U.S.C. § 3599. However, a review of § 3599 shows that the language contained therein is nearly identical to that previously contained in 21 U.S.C. § 848 (q).

### I. PROCEDURAL HISTORY

Petitioner filed his motion for appointment of counsel after filing his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. According to his federal habeas corpus petition, Petitioner is a prisoner in the custody of the State of Georgia pursuant to a judgment entered April 1998, in the Superior Court of Dougherty County. Petitioner was convicted of murder and sentenced to death.

Petitioner appealed and the Supreme Court of Georgia affirmed his conviction and sentence of death on July 6, 1999. *Johnson v. State*, 271 Ga 375 (1999). Petitioner filed a motion for reconsideration that was denied on July 30, 1999.

Petitioner filed a Petition for Writ of Certiorari in the United States Supreme Court and the Court denied the Petition on February 22, 2000. *Johnson v. Georgia*, 528 U.S. 1172 (2000).

On June 5, 2000, Petitioner filed a habeas corpus action in the Butts County Superior Court that challenged his conviction and sentence. Petitioner filed an amended petition on November 9, 2001. The court conducted an evidentiary hearing on June 24-26, 2002. The state habeas court denied relief on all claims on January 7, 2004.

Petitioner filed an Application for Certificate of Probable Cause to Appeal in the Supreme Court of Georgia. The Supreme Court of Georgia denied the application on July 11, 2005 and denied a motion for reconsideration on September 19, 2005.

Petitioner filed a Petition for Certiorari in the United States Supreme Court and this petition was denied on April 3, 2006. *Johnson v. Terry*, 126 S. Ct. 1661 (2006). According to Petitioner, a petition requesting a rehearing is pending.

On June 7, 2006, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court pursuant to 28 U.S.C. § 2254.

## II. APPOINTMENT OF COUNSEL

18 U.S.C. § 3599 (a) (2) provides as follows:

> In any post conviction proceeding under section 2254 or 2255 of Title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsection (b) through (f).

18 U.S.C. § 3599 (a)(2). In this case, Petitioner has filed a Motion for Appointment of Counsel,

Motion for Leave to Proceed *In Forma Pauperis*,[1] and a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner's filings show that he is financially unable to obtain adequate representation. Under these circumstances, Petitioner is entitled to appointment of counsel under 18 U.S.C. § 3599 (a)(2).

Having concluded that Petitioner is entitled to appointment of counsel, the Court must next determine whether 18 U.S.C. § 3599 permits it to appoint Petitioner's requested counsel–Brian S. Kammer and Thomas H. Dunn with the Georgia Appellate Practice and Education Resource Center, Inc. (hereinafter "Georgia Resource Center"). Because of the seriousness of the death penalty and the unique and complex nature of this kind of litigation, counsel must have a certain level of experience before being eligible for appointment under § 3599. For post-judgment appointments, as in this case, "at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases." 18 U.S.C. § 3599 (c). Based on the Affidavits submitted by Mr. Kammer and Mr. Dunn, it appears that both have the appropriate experience to qualify for appointment under § 3599 (c). Moreover, it appears that these two attorneys are familiar with the facts and procedural history of Petitioner's case as they were involved at the state habeas corpus level. Given this, Petitioner's Motion for Appointment of Counsel is **GRANTED** and Brian S. Kammer and Thomas H. Dunn are appointed to represent Petitioner in his federal habeas corpus action.

The next issue that must be determined is the rate at which counsel will be compensated. It appears that the Administrative Office of the United States Courts has approved $163.00 an hour,

---

[1] Petitioner's Motion to Proceed *In Forma Pauperis* (Tab #1) is **GRANTED**.

3

for both in-court and out-of-court time. Therefore, the Court finds that it is appropriate to compensate Brian S. Kammer at a rate of $163.00 per hour and Thomas H. Dunn at a rate of $163.00 per hour.

Counsel are reminded that they may obtain investigative, expert, or other services that are reasonably necessary for their representation of Petitioner, but they must obtain prior approval from the Court for such services. 18 U.S.C. § 3599 (f). *Ex parte* requests for payment of fees and expenses under § 3599 (f) may not be considered unless Petitioner makes a proper showing of the need for confidentiality. *See id.* Fees and expenses for such services are limited to $7,500.00 unless the Court certifies that a larger amount is necessary and the Chief Judge of the Eleventh Circuit approves the larger amount. *See* 18 U.S.C § 3599 (g) (2),

Because this case does not exist in a world of unlimited resources, the Court cannot emphasize enough the necessity for counsel to consult and cooperate with each other in such a manner as to carry out the representation without expending unnecessary or duplicative time or incurring unnecessary or duplicative expenses. In addition, when faced with an expense for which two or more options of equal effectiveness are available, counsel should choose the least expensive option. For example, counsel should not use overnight mail when regular mail would be adequate. Similar cost-effective measures should be utilized whenever possible, and counsel should always think twice before deciding that their time or an expense is reasonably necessary to the representation. Of course, the Court's desire to minimize the costs associated with Petitioner's case should not be taken to mean that counsel should not do whatever is reasonably necessary to represent Petitioner effectively.

The following procedures for interim payments and reimbursement of expenses shall apply during the course of this case:

A.      Submission of Vouchers

Counsel shall submit to the Clerk's Office in Macon, Georgia, once every month, an interim voucher on CJA Form 30, "Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel." Each attorney is to submit a separate interim voucher each month. Compensation earned and reimbursable fees and expenses incurred for each calendar month shall be claimed on an interim voucher submitted no later than the fifth day of each subsequent month, or the first business day thereafter if the fifth day of the month is a Saturday, Sunday, or holiday. Each interim voucher shall be numbered sequentially and shall include the time period covered. Interim vouchers shall be submitted in accordance with this schedule and procedure even if little or no compensation, fees, or expenses are claimed for the time period covered. All interim vouchers shall be supported by detailed and itemized statements of time expended and fees and expenses incurred.

After an interim voucher is submitted to the Clerk's Office in Macon, Georgia, the Deputy Clerk assigned to this case will submit it to the Court for approval. The Court will then review the voucher, particularly the amount of time claimed, and will authorize compensation for the approved number of hours and for all reimbursable fees and expenses reasonably incurred. The Court will endeavor to review and act on each voucher within 30 days of submission.

At the conclusion of the representation, counsel shall submit a final voucher for payment of time expended and fees and expenses incurred during the final interim time period. The final voucher shall also set forth in detail, with supporting documentation, the time expended and fees and expenses incurred for the entire case. The final voucher shall also reflect all compensation and reimbursement

previously received on the appropriate line of the form.

B.      Reimbursable Out-of-Pocket Expenses

Counsel may be reimbursed for out-of-pocket expenses (not including fees or expenses relating to investigative, expert, or other services that are reasonably necessary for the representation) reasonably incurred during the representation. Although neither § 3599 nor the applicable rules and regulations limit the amount of out-of-pocket expenses that may be incurred, counsel should not incur a single out-of-pocket expense in excess of $500 without prior approval of the Court. Approval may be sought by filing an *ex parte* application with the Court stating (1) the nature of the expense, (2) the estimated cost, and (3) the reason the expense is necessary to the representation. Recurring out-of-pocket expenses, such as the cost of telephone toll calls, telegrams, photocopies, facsimiles, and photographs, that total more than $500 on one or more interim vouchers are not considered single expenses requiring prior approval of the Court.

With respect to travel outside Atlanta for the purposes of consulting with Petitioner or his former counsel, interviewing witnesses, etc., the $500 rule shall be applied in the following manner: Travel expenses, such as airfare, mileage, parking fees, meals, and lodging, may be claimed as itemized expenses. Therefore, if the total out-of-pocket expenses for a single trip will exceed $500, the travel shall require prior approval of the Court. The Court expects counsel to consult and cooperate with each other in such a manner as to carry out the representation without unnecessary or duplicative travel or expense.

Case-related travel by privately owned automobile shall be claimed at the rate authorized by the government for business-related travel by federal judiciary employees, plus parking fees, ferry fares, and bridge, road, and tunnel tolls. For information regarding the current mileage rate for

federal judiciary employees, counsel should consult the Clerk's Office in Macon, Georgia. Transportation other than by privately owned automobile should be claimed on an actual-expense basis. First-class air travel is prohibited.

Actual expenses incurred for meals and lodging while traveling outside Atlanta, Georgia for case-related purposes must conform to the prevailing limitations placed upon travel and subsistence expenses for federal judiciary employees in accordance with existing government travel regulations. For information regarding per diem rates for federal judiciary employees, as well as for specific details concerning high-cost areas, counsel should consult the Clerk's Office in Macon, Georgia.

The cost of telephone toll calls, telegrams, photocopies, facsimiles, and photographs may be reimbursable out-of-pocket expenses if they are reasonably incurred. However, general office overhead (such as rent, secretarial assistance, and telephone service) is not reimbursable, nor are items of a personal nature.

Finally, expenses for service of subpoenas on fact witnesses are not reimbursable out-of-pocket expenses and should not be included on any voucher. Instead, such expenses will be paid by the United States Marshals Service, but only upon prior approval by the Court. Approval may be sought by filing an *ex parte* application with the Court. Payment of such expenses shall be governed by 28 U.S.C.A. § 1825.

SO ORDERED, this 15th day of June, 2006.

W. LOUIS SAND, CHIEF JUDGE
UNITED STATES DISTRICT COURT

lnb